[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is the owner of a single family home located at 49 Pinecrest Court, Milford, Connecticut (the "premises"). The plaintiff entered into a written lease for the premises with the defendant Robert Craven for a term of one year beginning January 1, 1989, In November, 1989, the plaintiff caused a notice to quit to be served on the defendants. Summary process proceedings later were brought and judgment entered against the defendants. As a result of the summary process action, the defendants vacated the premises at the end of January 1990. This is the plaintiff landlord's action for unpaid rent, late charges, fees and costs associated with the summary process proceedings and for damages for repairs to the premises resulting from the defendants' tenancy.
The plaintiff's first claim is for unpaid rent due under the CT Page 2990 lease. The plaintiff claims a balance of $3559.20. representing the difference between thirteen months' rent at the rate of $1400.00 per month as provided in the lease ($18,200.00), and the $14,640.80 actually paid by the defendants. The defendants claim that rent for the first month, January 1989, was to be prorated for half a month by agreement between the parties because the defendants did not move in until January 15, 1989. The defendants' claim is belied, however, by the terms of the written lease, which begins January 1, 1989 and provides for $1400.00 rent each month, including January. Defendants' contention is also defeated by the defendants' tender at the outset of the lease of checks totalling $4200.00, representing one month's rent plus two months' security deposit. Pursuant to the terms of the lease, defendant Robert Craven is liable for unpaid rent in the amount of $3559.20.
The defendant Patricia Craven alleges a special defense that she is not liable for the unpaid rent because she did not sign the lease. Mrs. Craven admitted occupancy of the premises during the thirteen month period at issue. Under Connecticut General Statutes 47a-3c, she is therefore liable for the fair rental value for use and occupancy of the premises. Based on the evidence presented at trial, $1400.00 per month is found to be the fair rental value of the premises and defendant Patricia Craven is liable for unpaid use and occupancy of $3559.20.
In bringing summary process proceedings against the defendants, the plaintiff incurred legal fees of $500.00. court costs of $60.00, and sheriff's fees of $154.50. Given that the action went to judgment and execution issued, $500.00 is found to be a reasonable legal fee. Pursuant to the terms of the lease, defendant Robert Craven is liable to the plaintiff for the fees and costs incurred as a result of the eviction totalling $714.40. Plaintiff also claims that Robert Craven is liable for late charges. The court finds that Mr. Craven is liable under paragraph 8 of the written lease for late charges in the amount of $20.00 per month for ten months (February to November) during which the rent was late prior to service of the notice to quit, a total of $200.00.
The plaintiff's final claim is for damages for repairs to the premises made necessary by the defendants' occupancy of the premises. The defendant Robert Craven agreed pursuant to the lease to pay for all utilities for the premises, including water bills, and to pay the cost of cleaning and repairing the premises as a result of default. He further agreed in the lease to keep the premises in as good condition as at the beginning of the lease, excepting reasonable wear. The defendant Robert Craven breached these provisions of the lease and as a result, is found liable to the plaintiff landlord for the following repairs or CT Page 2991 expenses:
Item Cost
1) unpaid water bill $ 64.26
2) shower head replacement 34.00
3) shed door replacement and repairs 160.00
4) repair and repaint front bedroom as result of dart holes in walls 175.00
5) patch holes in stairwell of front hall and repaint 50.00
6) repair and repaint damaged radiator in dining room 20.00
7) repair leader 10.00
8) repair interior door 35.00
9) replace door bell button 10.00
10) replace sliding door glide on closet door 5.00
11) replace 17 light bulbs, including 2 spot lights 27.00
12) repair broken garage window 20.00
13) cleaning expenses, part of which was was necessitated by defendants' dog 100.00
14) repairs to garage door opener and replacement of one missing opener 104.80
15) repair screen door 57.00
16) lawn repair (see, infra) 50.00 -------- TOTAL $ 922.06
The plaintiff also seeks damages in the amount of $384.00 for replacement of the carpeting in the basement and $150.00 for lawn repair. The plaintiff claims that, although the carpet was in only "fair" condition at the beginning of the lease, it was necessary to entirely replace the carpet after defendants' tenancy CT Page 2992 because of tears in the carpet and bad odors from dog urine. The defendants contested liability for replacement of the carpet. Based on the evidence presented, plaintiff did not sustain his burden of demonstrating that replacement of the carpet was necessitated by the defendants' occupancy of the premises. With respect to the lawn repair, the plaintiff seeks $150.00 for four to six hours' work in repairing certain areas of the lawn allegedly damaged by the defendants' dog. Although the defendants contest the need for such repairs, the photographs in evidence do demonstrate the need for lawn repairs in the area where the dog was tied. The reasonable cost of such repairs is found to be $50.00. The defendant Robert Craven is liable for damages for repairs as set forth above totalling $922.06.
The defendant Patricia Craven alleges in a special defense that she is not liable for any of the plaintiff's claims because she did not sign the lease. That contention ignores Mrs. Craven's statutory responsibilities as a tenant. Mrs. Craven is found liable for all of the foregoing repairs (with the exception of the unpaid water bill) because she violated her responsibilities under Connecticut General Statutes 47a-11(b) and (f). She is therefore liable for $857.80.
Robert Craven is liable to the plaintiff for the total sum of $5395.66. Patricia Craven is liable to the plaintiff for the total sum of $4417.00. The defendants are entitled, however, to credit for a security deposit in the amount of $1400.00. Therefore, judgment shall enter against the defendant Robert Craven in the amount of $3995.66. Judgment shall enter against Patricia Craven in the amount of $3017.00.
(None of the special defenses other than those addressed herein is found to have any merit.)
CHRISTINE S. VERTEFEUILLE, JUDGE CT Page 2993
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2994
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2995
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2996